UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARON BROWN,

    Plaintiff,

    v.

PUBLIC DEFENDER OFFICE - S.F.; et al.,

    DEFENDANTS.

No. C 12-1556 SI (pr)

**ORDER DENYING MOTIONS FOR RECONSIDERATION AND TO AMEND**

This *pro se* civil action was dismissed on June 28, 2012 because, despite having been notified of the duty to do so on March 28, 2012, plaintiff failed to pay the filing fee or furnish a completed and signed court-approved *in forma pauperis* application in the three months the action was pending. Although he failed to tend to the *in forma pauperis* application, plaintiff submitted at least a dozen other filings, including scores of pages of miscellaneous letters and other materials, the purpose of many of which is not clear.

Plaintiff has moved for reconsideration of the dismissal order in which he argues that he should be excused from the *in forma pauperis* application requirement because San Francisco Sheriff's deputies will not provide a certificate of funds. A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Plaintiff's argument is unpersuasive. First, the court correctly determined that the action was deficient due to submit a completed *in*

*forma pauperis* application. Second, although he attempts to blame the sheriff's deputies at the jail, plaintiff never submitted *any* part of the *in forma pauperis* application – including the portion that does not require any action by his custodians. Third, plaintiff has been at least three different facilities – including the San Francisco General Hospital for the first three weeks of June and at an address in Novato since then – and has not shown the San Francisco Sheriff's deputies prevented him from sending in the application materials when he was at these other locations. Finally, even if the motion for reconsideration was granted, there would not be any *in forma pauperis* application on file and the action would still be deficient. The motion for reconsideration is DENIED. (Docket # 19.) The dismissal of this action was without prejudice. Plaintiff is free to file a new action, as long as he pays the filing fee or submits a completed *in forma pauperis* application at the time he files his complaint or petition.

In a separate post-judgment motion, plaintiff filed a motion to amend, to which he attached a habeas petition form and a motion for appointment of counsel. As the action had been dismissed and judgment entered, the motion to amend is DENIED at untimely. (Docket # 18.) Also, counsel will not be appointed to represent a plaintiff in an action that has been dismissed.

It is unclear from the numerous filings (including the habeas petition form attached to the motion to amend) whether plaintiff wants to pursue a habeas action or a civil rights action, or both. The court offers this guidance for plaintiff's consideration in filing future cases: If plaintiff wants to challenge a criminal conviction, he may file a petition for writ of habeas corpus under 28 U.S.C. § 2254, but not until after he exhausts state court remedies for every claim therein by first presenting them to the California Supreme Court to give that court a fair opportunity to rule on the merits. If plaintiff wants to complain about the conditions of confinement or events surrounding his arrest or other encounters with police, he may file a civil rights complaint under 42 U.S.C. § 1983. Any complaint or habeas petition must include a complete statement of his claims: the court will not read through numerous documents to attempt to piece together a claim for him.

2

1   This action is closed, and plaintiff should file no further motions in it.

2   IT IS SO ORDERED.

3   Dated: July 13, 2012

_____
SUSAN ILLSTON
United States District Judge